UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WARREN SCOTT, III (#463618)

VERSUS                                            CIVIL ACTION

CORNEL H. HUBERT, ET AL                           NUMBER 08-11-FJP-SCR

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 14, 2009.

                                        */s/ Stephen C. Riedlinger*
                                     STEPHEN C. RIEDLINGER
                                     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WARREN SCOTT, III (#463618)

VERSUS                                              CIVIL ACTION

CORNEL H. HUBERT, ET AL                             NUMBER 08-11-FJP-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody filed by petitioner Warren Scott, III.

**I. State Court Procedural History**

**A.  Docket Numbers 12-97-48, 3-98-495 & 7-99-977**

Petitioner pled guilty to two counts unauthorized entry of an inhabited dwelling (docket numbers 12-97-48 and 3-98-495) and one count aggravated burglary (docket number 7-99-977) in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on January 27, 2003.[1]  Petitioner was sentenced to five years imprisonment on each count of unauthorized entry of an inhabited dwelling and to 20 years imprisonment on the aggravated burglary count.  The two five year sentences were to be served concurrently and the 20 year sentence was to be served consecutive to any other sentence.

---

[1] A second count of aggravated burglary was dismissed as part of the plea agreement.

1

Petitioner's convictions (docket numbers 12-97-48, 3-98-495 and 7-99-977) and sentences (docket numbers 12-97-48 and 3-98-495) were affirmed on appeal. *State of Louisiana v. Scott*, 2003-1532, 2003-1533, 2003-1534 (La. App. 1st Cir. 2/23/04).

The First Circuit Court of Appeal found patent error in the sentence related to the aggravated burglary conviction (docket number 7-99-977) and remanded for re-sentencing. *State of Louisiana v. Warren Scott*, III, 2003-1534 (La. App. 1st Cir. 2/23/04). On March 12, 2004, the petitioner was re-sentenced to a 20 year term of imprisonment at hard labor, consecutive to any other sentence being served. This sentence was affirmed on appeal. *State of Louisiana v. Warren Scott*, III, 2004-1791 (La. App. 1st Cir. 5/6/05).

Petitioner did not seek a writ of certiorari from the Louisiana Supreme Court.

**B.  Docket Number 6-00-296**

Petitioner was found guilty of one count sexual battery in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on February 12, 2003. Petitioner was sentenced to nine years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence.

Petitioner's conviction and sentence were affirmed on appeal. *State of Louisiana v. Warren Scott*, III, 2003-1535 (La. App. 1st Cir. 5/6/05). Petitioner did not seek a writ of certiorari from

2

the Louisiana Supreme Court.

### C. State Post-Conviction Relief

Petitioner signed his application for post-conviction relief on May 9, 2005 and it was filed on May 13, 2005.  Petitioner asserted three grounds for relief: (1) he was denied effective assistance of counsel when trial counsel coerced him into entering guilty pleas on two counts unauthorized entry of an inhabited dwelling (docket numbers 12-97-48 and 3-98-495) and one count aggravated burglary (docket number 7-99-977); (2) he received ineffective assistance of counsel during his sexual battery trial (docket number 6-00-296) because counsel was inexperienced and unprepared; and, (3) he was denied the right to a fair jury trial (docket number 6-00-296) because of the racial composition of the jury.

The trial court denied relief on September 8, 2005. Petitioner sought review by the Louisiana First Circuit Court of Appeal on October 8, 2005.  The writ was granted in part and denied in part.[2]  *State of Louisiana v. Warren Scott*, 2005-2098 (La. App. 1st Cir. 12/2/05).  Petitioner sought review by the Louisiana

---

[2] Specifically, the appellate court ordered the district court to provide the petitioner with a copy of the transcript of the jury voir dire on or before January 27, 2006, and permitted the petitioner to seek review of the denial of the application for post-conviction relief regarding his claim that he was denied the right to a fair jury trial because of the racial composition of the jury.  In all other respects, the writ was denied.

3

Supreme Court on August 18, 2006. The Louisiana Supreme Court denied review on February 2, 2007. *State of Louisiana ex. rel. Warren Scott, III v. State of Louisiana*, 948 So.2d 191, 2006-1373 (La. 2/2/07).

Petitioner resubmitted his application for supervisory writs on his jury composition claim on June 29, 2006. The First Circuit Court of Appeal denied review. *State of Louisiana v. Warren Scott*, 2006-1291 (La. App. 1st Cir. 9/18/06). Petitioner sought review by the Louisiana Supreme Court on October 18, 2006. The Louisiana Supreme Court denied review on February 2, 2007. *State of Louisiana ex. rel. Warren Scott, III v. State of Louisiana*, 948 So.2d 1078, 2006-2628 (La. 2/2/07).

## II. Federal Court Procedural History

Petitioner signed his § 2254 petition on December 31, 2007, and it was filed on January 3, 2008. On April 9, 2008, this matter was referred to the Office of the Federal Public Defender for appointment of counsel pursuant to the Criminal Justice Act.[3] On August 8, 2008, counsel for the petitioner filed a memorandum clarifying the petitioner's claims.[4]

As clarified, the petitioner asserted the following grounds for relief: (1) he was denied effective assistance of counsel

---

[3] Record document number 9.

[4] Record document number 15.

4

during the proceedings in which he pled guilty to two counts unauthorized entry of an inhabited dwelling (docket numbers 12-97-48 and 3-98-495) and one count aggravated burglary (docket number 7-99-977); (2) he was denied effective assistance of counsel during his sexual battery trial (docket number 6-00-296) because trial counsel failed to object to the composition of the jury selected through discriminatory exercise of peremptory challenges; and (3) he was denied effective assistance of counsel on appeal regarding his sexual battery conviction.

### III. Analysis

No evidentiary hearing is required.

**A.   Timeliness**

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA), a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time to seek review.

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.

### 1.  Docket Numbers 12-97-48, 3-98-495 & 7-99-977

Petitioner's unauthorized entry of an inhabited dwelling convictions (docket numbers 12-97-48 and 3-98-495) became final on March 8, 2004.[5]  Petitioner's aggravated burglary conviction (docket number 7-99-977) became final on March 8, 2004.[6]

From the date the petitioner's convictions for unauthorized entry of an inhabited dwelling (docket numbers 12-97-48 and 3-98-495) and aggravated burglary (docket number 7-99-977) became final on March 8, 2004, until May 9, 2005, the date petitioner filed his application for post-conviction relief, 426 days of the limitation period elapsed.  By the time the petitioner filed his application for post-conviction relief in the trial court regarding his unauthorized entry of an inhabited dwelling convictions (docket numbers 12-97-48 and 3-98-495) and his aggravated burglary conviction (docket number 7-99-977) the time limit to file a § 2254 petition had already elapsed.

### 2. Docket Number 6-00-296

Petitioner's sexual battery conviction (docket number 6-00-

---

[5] Petitioner did not apply for rehearing by the appellate court or seek a writ of review by the Louisiana Supreme Court.

[6] Even though Scott's sentence was vacated and set aside and the case was remanded to the trial court for re-sentencing, his conviction became final 14 days after judgment was rendered upon the failure of Scott to file an application for a rehearing by the appellate court or to seek a writ of review by the Louisiana Supreme Court.  *State v. Lewis*, 350 So.2d 1197 (La. 1977).

296) became final on May 20, 2005.[7] From the date the petitioner's conviction became final until February 2, 2007, the date the Louisiana Supreme Court denied review, the petitioner had an application for post-conviction relief pending before the state courts.

Respondent argued that the petitioner's federal habeas corpus application challenging his sexual battery conviction is nonetheless untimely because the petitioner's post-conviction relief application was not "properly filed" for purposes of AEDPA's tolling provisions.  Specifically, the respondent argued that because the petitioner filed his state post-conviction relief application before his sexual battery conviction became final, pursuant to LSA-C.Cr.P. art. 924.1 it could not be entertained by the state courts. Respondent argued that because the post-conviction relief application was premature under the state laws governing filings, it was not "properly filed" for purposes of tolling the limitations period.  Respondent's argument lacks merit.

It is well settled that a properly filed state application for

---

[7] For the purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.  A party may apply to the appropriate court for a rehearing within 14 days of rendition of the judgment of the supreme court or any appellate court.  LSA-C.Cr.P. art. 922. Petitioner did not apply for rehearing by the appellate court or seek a writ of review by the Louisiana Supreme Court.

7

collateral review is one submitted according to the state's procedural requirements. *Howland v. Quarterman*, 507 F.3d 840, 843 (5th Cir. 2007). An application is properly filed under § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 9, 121 S.Ct. 361 (2000); *see also Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). A habeas petition filed in a court lacking jurisdiction to consider the application is not properly filed. *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004). "[I]f a state court mistakenly accepts and considers the merits of a state habeas application in violation of its own procedural filing requirements, including those governing jurisdiction, that application is not 'properly filed'" for purposes of § 2244(d)(2). *Id*. at 895. Under LSA-C.Cr.P. art. 924.1, "[a]n application for post-conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending."

The First Circuit Court of Appeals affirmed the petitioner's sexual battery conviction on May 6, 2005. Petitioner signed his application for post-conviction relief on May 9, 2005. Petitioner filed his application for post-conviction relief challenging his sexual battery conviction on May 13, 2005. Although this is before direct review of his state sexual battery conviction became final (14 days after he failed to file an application for a rehearing by

the appellate court or to seek a writ of review by the Louisiana Supreme Court), there was no appeal then pending and the petitioner had no right to appeal to the Louisiana Supreme Court. Petitioner's state post-conviction relief application tolled the limitations period.

From the date the petitioner's conviction became final until February 2, 2007, the date the Louisiana Supreme Court denied writs of certiorari on the petitioner's post-conviction relief application, the limitations period remained tolled. From the date the Louisiana Supreme Court denied review until December 31, 2007, the date the petitioner signed his federal habeas corpus application, 331 days of the limitations period elapsed. Petitioner's federal habeas corpus application challenging his sexual battery conviction is timely.

**B. Technically Exhausted/Procedurally Barred Claims**

Even though the federal habeas corpus application challenging the petitioner's sexual battery conviction was timely filed, it is nonetheless technically exhausted but procedurally barred.

In his second ground for relief, the petitioner argued that he was denied effective assistance of counsel during his sexual battery trial. Specifically, the petitioner argued that trial counsel failed to object to the composition of the jury, which he asserted was selected through the discriminatory exercise of peremptory challenges.

9

In his third ground for relief, the petitioner argued that he was denied effective assistance of counsel on the appeal of his sexual battery conviction.

A review of the record showed that the petitioner did not raise these ineffective assistance of counsel claims in the state court proceedings. Although the petitioner has not presented these claims in a procedurally proper manner in accordance with state procedural rules, he has technically exhausted his state court remedies as to these claims because the claims are procedurally defaulted.

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner. 28 U.S.C. § 2254(b). Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

To demonstrate compliance with the exhaustion requirement, a habeas applicant must show that the federal claim he asserts in federal court has been "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971).

Generally, the habeas applicant must present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Dupuy v. Butler*, 837 F.2d 699 (5th Cir. 1988).

Although claims are considered to be "technically" exhausted when state relief is no longer available, without regard to whether the claims were actually exhausted by presentation to the state courts, *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546 (1991), if a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred,'" then the claim is procedurally defaulted. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845 (1998) (quoting *Coleman*, 501 U.S. at 735 n.1, 111 S.Ct. 2546).

Petitioner's unexhausted claims are "technically exhausted because, and only because, petitioner allowed his state law remedies to lapse without presenting his claims to the state courts." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (internal citation and quotation omitted).

Petitioner's technically exhausted claims would be barred from consideration in a post-conviction relief application by Louisiana Code of Criminal Procedure Article 930.8. This provision of Louisiana law fixes a time limit of two years after the judgment of

conviction and sentence has become final within which to file an application for post-conviction relief. Although the statute contains four exceptions, none of those exceptions apply in this case, and the petitioner has not offered any evidence or argument supporting the application of any exception.

When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. Reliance upon Article 930.8 has been held to be a valid procedural bar. *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997).

Petitioner has not shown cause for his procedural default, or actual prejudice resulting from it. Nor has the petitioner made a showing to support a claim of factual innocence. Consequently, this court is barred from considering the petitioner's technically exhausted claims.

### C. Conclusions

Petitioner's § 2254 petition challenging his convictions for unauthorized entry of an inhabited dwelling and aggravated burglary was not timely filed.

Petitioner's § 2254 petition challenging his conviction for sexual battery is procedurally barred.[8]

### RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief challenging his convictions for unauthorized entry of an inhabited dwelling and aggravated burglary be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

It is further recommended that the petitioner's application for habeas corpus relief challenging his sexual battery conviction be dismissed, with prejudice, as procedurally barred.

Baton Rouge, Louisiana, May 14, 2009.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[8] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3D 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).