UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


WARREN SCOTT, III (#463618)

VERSUS                                          CIVIL ACTION

CORNEL H. HUBERT, ET AL                         NUMBER 08-11-FJP-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have fourteen days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within fourteen days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 14, 2012.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WARREN SCOTT, III (#463618)

VERSUS                                                    CIVIL ACTION

CORNEL H. HUBERT, ET AL                                   NUMBER 08-11-FJP-SCR

## MAGISTRATE JUDGE'S REPORT

Again before the court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody filed by petitioner Warren Scott, III. Petitioner challenged his convictions for unauthorized entry of an inhabited dwelling, aggravated burglary and sexual battery in the Nineteenth Judicial District for the Parish of East Baton Rouge, Louisiana.

Judgment was entered dismissing the petitioner's application as to his convictions for unauthorized entry of an inhabited dwelling and aggravated burglary as untimely pursuant to 28 U.S.C. § 2244(d), and his challenge to his sexual battery conviction was dismissed as procedurally barred. Petitioner appealed.

The United States Court of Appeal for the Fifth Circuit reversed the judgment dismissing the petitioner's challenge to his aggravated burglary and sexual battery convictions and remanded for further proceedings.[1]

---

[1] Record document number 44.

## I. State Court Procedural History

**A. Aggravated Burglary Conviction - Docket Number 7-99-977**

Petitioner pled guilty to one count aggravated burglary in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on January 27, 2003.[2] Petitioner was sentenced to 20 years in prison on this charge. The 20 year sentence was to be served consecutive to any other sentence. Petitioner's conviction was affirmed on appeal. *State of Louisiana v. Scott,III*, 2003-1534 (La. App. 1st Cir. 2/23/04). However, the First Circuit Court of Appeal found patent error in the sentence and remanded for re-sentencing. On March 12, 2004, the petitioner was re-sentenced to a 20 year term of imprisonment, consecutive to any other sentence being served. This sentence was affirmed on appeal. *State of Louisiana v. Warren Scott*, III, 2004-1791 (La. App. 1st Cir. 5/6/05).

Petitioner did not seek a writ of certiorari from the Louisiana Supreme Court.

**B. Sexual Battery Conviction - Docket Number 6-00-296**

Petitioner was found guilty of one count sexual battery in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on February 12, 2003. Petitioner was sentenced to nine years imprisonment, without benefit of parole, probation or

---

[2] A second count of aggravated burglary was dismissed as part of the plea agreement.

suspension of sentence.

Petitioner's conviction and sentence were affirmed on appeal. *State of Louisiana v. Warren Scott*, III, 2003-1535 (La. App. 1st Cir. 5/6/05). Petitioner did not seek a writ of certiorari from the Louisiana Supreme Court.

### C. State Post-Conviction Relief

Petitioner signed his application for post-conviction relief on May 9, 2005 and it was filed on May 13, 2005. Petitioner asserted three grounds for relief: (1) he was denied effective assistance of counsel when trial counsel coerced him into entering a guilty plea to one count aggravated burglary (docket number 7-99-977);[3] (2) he received ineffective assistance of counsel during his sexual battery trial (docket number 6-00-296) because counsel was inexperienced and unprepared; and, (3) he was denied the right to a fair jury trial (docket number 6-00-296) because of the racial composition of the jury.

The trial court denied relief on September 8, 2005. Petitioner sought review by the Louisiana First Circuit Court of Appeal on October 8, 2005. The writ was granted in part and denied

---

[3] Petitioner also asserted that he was denied effective assistance of counsel when trial counsel coerced him into entering guilty pleas to two counts unauthorized entry of an inhabited dwelling (docket numbers 12-97-48 and 3-98-495). Petitioner's federal claim regarding his convictions for unauthorized entry of an inhabited dwelling were dismissed and the dismissal of that claim was not challenged on appeal. See record document number 44, p. 1.

3

in part.[4] *State of Louisiana v. Warren Scott*, 2005-2098 (La. App. 1st Cir. 12/2/05). Petitioner sought review in the Louisiana Supreme Court on August 18, 2006. The Louisiana Supreme Court denied review on February 2, 2007. *State of Louisiana ex. rel. Warren Scott, III v. State of Louisiana*, 948 So.2d 191, 2006-1373 (La. 2/2/07).

Petitioner resubmitted his application for supervisory writs on his jury composition claim on June 29, 2006. The First Circuit Court of Appeal denied review. *State of Louisiana v. Warren Scott*, 2006-1291 (La. App. 1st Cir. 9/18/06). Petitioner sought review in the Louisiana Supreme Court on October 18, 2006. The Louisiana Supreme Court denied review on February 2, 2007. *State of Louisiana ex. rel. Warren Scott, III v. State of Louisiana*, 948 So.2d 1078, 2006-2628 (La. 2/2/07).

## II. Federal Court Procedural History

Petitioner signed his § 2254 petition on December 31, 2007, and it was filed on January 3, 2008. On April 9, 2008, this matter was referred to the Office of the Federal Public Defender for

---

[4] Specifically, the state appellate court ordered the district court to provide the petitioner with a copy of the transcript of the jury voir dire on or before January 27, 2006, and permitted the petitioner to seek review of the denial of the application for post-conviction relief regarding his claim that he was denied the right to a fair jury trial because of the racial composition of the jury. In all other respects, the writ was denied.

appointment of counsel pursuant to the Criminal Justice Act.[5]  On August 8, 2008, counsel for the petitioner filed a memorandum clarifying the petitioner's claims.[6]

As clarified, the petitioner asserted the following grounds for relief: (1) he was denied effective assistance of counsel during the proceedings in which he pled guilty to one count aggravated burglary (docket number 7-99-977); (2) he was denied effective assistance of counsel during his sexual battery trial (docket number 6-00-296) because trial counsel failed to object to the composition of the jury selected through discriminatory exercise of peremptory challenges; and (3) he was denied effective assistance of counsel on appeal regarding his sexual battery conviction.[7]

The United States Fifth Circuit Court of Appeals further identified the issues on remand as follows: (1) petitioner's guilty plea to aggravated burglary was not knowing and voluntary; and, (2) petitioner was denied effective assistance of counsel during his sexual battery trial when counsel failed to raise a *Batson* challenge during jury selection.

---

[5] Record document number 9.

[6] Record document number 15.

[7] Counsel also asserted an ineffective assistance of counsel claim related to the petitioner's convictions on two counts unauthorized entry of an inhabited dwelling.  The claim related to these convictions was dismissed and the dismissal of that claim was not challenged on appeal.  See record document number 44, p. 1.

5

## III. Applicable Law and Analysis

No evidentiary hearing is required on the petitioner's claim that his guilty plea to aggravated burglary was not knowing and voluntary. For the reasons which follow, relief on this claim should be denied. A review of the record showed that an evidentiary hearing is required regarding the petitioner's claim that he was denied effective assistance of counsel during his sexual battery trial.[8] Consequently, the disposition of that claim is not addressed in this report.

### A. Standard of Review

Section 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[8] A magistrate judge's report addressing the petitioner's aggravated burglary guilty plea claim is being issued so that, in the event the district judge rejects the recommendation to dismiss this claim, both claims can be addressed in one evidentiary hearing. Holding an evidentiary hearing on the petitioner's ineffective assistance of counsel claim, then followed by a magistrate judge's report on both claims, could result in a second evidentiary hearing if the recommendation to dismiss the aggravated burglary guilty plea claim is rejected.

Section 2254(e)(1) provides as follows:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal

7

determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court." *Id*.

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011); *McCamey v. Epps*, 658 F.3d 491, 497 (5th Cir. 2011). Review under § 2254(d)(1) focuses on what a state court knew and did. *Cullen v. Pinholster*, 131 S.Ct. at 1399. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas corpus petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.*, at 1400. State court decisions are measured against the Supreme Court's precedents as of "the time the state court renders its decisions." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S.Ct. 1166 (2003).

To determine whether a particular decision is "contrary to" then-established law, a federal court must consider whether the decision "applies a rule that contradict [such] law" and how the decision "confronts [the] set of facts" that were before the state court. *Williams v. Taylor*, 529 U.S. 362, 405, 406, 120 S.Ct. 1495 (2000). If the state court decision "identifies the correct governing legal principle" in existence at the time, a federal court must assess whether the decision "unreasonably applies that

8

principle to the facts of the prisoner's case." *Id.*, at 413, 120 S.Ct. 1495.

### 1. Docket Number 7-99-977

In the first ground for relief on remand, the petitioner argued that his guilty plea to aggravated burglary was not knowing and voluntary. Specifically, the petitioner argued that he was under severe duress and stress, and he was forced, intimidated and offered promises or rewards to plead no contest to aggravated burglary.[9] Petitioner argued that at the time he entered his guilty plea he was shackled, in poor health, under the care of a physician and was taking medication for pain and infection.[10] Petitioner argued that counsel led him to believe that he would receive a sentence that would not involve any appreciable time in prison beyond the time he had already served, and he was unaware of the court's intent to sentence him to a significant term of imprisonment at hard labor.[11] Petitioner argued that the judge said he could plead guilty and go free or face 30 to 40 years in prison.[12] Petitioner argued that but for the duress exerted upon

---

[9] Record document number 1, p. 18.

[10] *Id.*

[11] Record document number 15, pp. 3-4.

[12] *Id.* at 4.

him, he would not have entered a guilty plea.[13]

A plea of guilty waives a number of constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712 (1969); *Joseph v. Butler*, 838 F.2d 786, 789 (5th Cir. 1988). Therefore, the Fourteenth Amendment Due Process Clause imposes certain requirements to ensure the validity of a guilty plea. *Fischer v. Wainwright*, 584 F.2d 691, 692 (5th Cir. 1978) (citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970); *Boykin*, 395 U.S. 238, 89 S.Ct. 1709; *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019 (1938). "*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n. 22 (5th Cir. 2000). In addition, "the voluntary and intelligent nature of the plea [must] be apparent on the face of the record." *See Holloway v. Lynaugh*, 838 F.2d 792, 793 (5th Cir. 1988).

A plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609 (1998) (quoting *Brady*, 397 U.S. at 748, 90 S.Ct. at 1469). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Id.* (quoting *Brady*, 397 U.S. at 749, 90 S.Ct. at 1469). Pleas are involuntary when induced by threats, improper promises, deception,

---

[13] *Id.*

or misrepresentation. *See Daniel v. Cockrell*, 283 F.3d 697, 702-03 (5th Cir.), *cert. denied*, 537 U.S. 874, 123 S.Ct. 286 (2002); *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574 (1941)). "Before the trial court may accept a guilty plea, the court must ensure that the defendant 'has a full understanding of what the plea connotes and of its consequence.'" *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991) (quoting *Boykin*, 395 U.S. at 244, 89 S.Ct. at 1709). "A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 2257 n. 13 (1976)).

A prisoner may not generally "collaterally attack a voluntary and intelligent" plea. *Taylor*, 933 F.2d at 329. A guilty plea "entered by one fully aware of the direct consequences ... must stand unless induced by threat (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their

nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes)." *See Brady*, 397 U.S. at 755, 90 S.Ct. at 1472. "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea ... will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981). A defendant's statements under oath at a plea hearing are entitled to a presumption of verity. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

A review of the *Boykin* transcript[14] showed that the petitioner was represented by his attorney during the plea hearing. The Assistant District Attorney advised the court that an agreement had been reached which provided that in exchange for a guilty plea to aggravated burglary, the State would dismiss a second count of aggravated burglary.[15] During the *Boykin* examination, the trial judge informed the petitioner of the charges against him to which he intended to plead guilty.[16] The trial judge verified that the petitioner fully understood the charges against him and the

---

[14] State Court Record 07-99-0977, Vol. 3, pp. 622-634, Boykin Examination Transcript (page references are to the record pages).

[15] *Id.* at 624.

[16] *Id*. at 626-627.

12

sentencing ramifications of his guilty plea.[17] During the *Boykin* examination, the petitioner advised the court that he was taking antibiotic medication according to the prescription and taking Motrin®.[18] Petitioner denied that the medication affected his ability to understand the proceedings.[19] Petitioner denied any mental or physical disabilities which would prevent him from understanding what he was doing during the proceedings.[20] During the *Boykin* examination, the petitioner denied that anyone had used force, intimidation, coercion or promise of reward to force him to plead guilty.[21]

The *Boykin* Examination Transcript shows that the petitioner was not unlawfully coerced or threatened to enter a guilty plea and the petitioner was adequately informed and was fully aware of the consequences of his guilty plea. Consequently, the petitioner's guilty plea was voluntarily, knowingly and intelligently made.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's claim that his guilty plea to aggravated burglary was

---

[17] *Id.*

[18] *Id.* at 630.

[19] *Id.*

[20] *Id.*

[21] *Id.*

not knowing and voluntary be denied, and the this matter be referred back to the magistrate judge for further proceedings on the petitioner's sexual battery trial ineffective assistance of counsel claim.

Baton Rouge, Louisiana, May 14, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE