UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


WARREN SCOTT, III (#463618)

VERSUS                                             CIVIL ACTION

CORNEL H. HUBERT, ET AL                            NUMBER 08-11-FJP-SCR


### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have fourteen days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within fourteen days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 14, 2013.

                                         /s/ Stephen C. Riedlinger
                                       STEPHEN C. RIEDLINGER
                                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WARREN SCOTT, III (#463618)

VERSUS                                                      CIVIL ACTION

CORNEL H. HUBERT, ET AL                          NUMBER 08-11-FJP-SCR

### MAGISTRATE JUDGE'S REPORT

Again before the court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody filed by petitioner Warren Scott, III. Petitioner challenged his convictions for unauthorized entry of an inhabited dwelling, aggravated burglary and sexual battery in the Nineteenth Judicial District for the Parish of East Baton Rouge, Louisiana.

Judgment was entered dismissing the petition, as to his convictions for unauthorized entry of an inhabited dwelling and aggravated burglary, as untimely pursuant to 28 U.S.C. § 2244(d). Petitioner's challenge to his sexual battery conviction was dismissed as procedurally barred. Petitioner appealed. The United States Court of Appeal for the Fifth Circuit reversed the judgment dismissing the petitioner's challenge to his aggravated burglary and sexual battery convictions and remanded for further proceedings.[1]

---

[1] Record document number 44.

1

On May 14, 2012, a Magistrate Judge's Report was issued recommending that the petitioner's claim that his guilty plea to aggravated burglary was not knowing and voluntary be denied.[2]  On July 23, 2012, the district judge adopted the report and recommendation.[3]  On November 5, 2012, an evidentiary hearing was held on the petitioner's claim of ineffective assistance of counsel at his sexual battery trial.

For the reasons which follow, the petitioner's claim that he received ineffective assistance of counsel during his sexual battery trial, specifically during selection of the jury, should be denied.

### I. State Court Procedural History[4]

**A. Sexual Battery Conviction - Docket Number 6-00-296**

Petitioner was found guilty of one count sexual battery in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on February 12, 2003.  Petitioner was sentenced to nine years imprisonment, without benefit of parole, probation or suspension of sentence.

Petitioner's conviction and sentence were affirmed on appeal.

---

[2] Record document number 49.

[3] Record document number 52.

[4] The State Court Procedural History is taken from the Magistrate Judge's Report issued May 14, 2102, and is not in dispute.  Record document number 49.

*State of Louisiana v. Warren Scott*, III, 2003-1535 (La. App. 1st Cir. 5/6/05). Petitioner did not seek a writ of certiorari from the Louisiana Supreme Court.

### B. State Post-Conviction Relief

Petitioner signed his application for post-conviction relief on May 9, 2005 and it was filed on May 13, 2005. Petitioner asserted three grounds for relief: (1) he was denied effective assistance of counsel when his trial attorney coerced him into entering a guilty plea to one count aggravated burglary (docket number 7-99-977);[5] (2) he received ineffective assistance of counsel during his sexual battery trial (docket number 6-00-296) because his trial attorney was inexperienced and unprepared; and, (3) he was denied the right to a fair jury trial (docket number 6-00-296) because of the racial composition of the jury.

The trial court denied relief on September 8, 2005. Petitioner sought review by the Louisiana First Circuit Court of Appeal on October 8, 2005. The writ was granted in part and denied

---

[5] Petitioner also asserted that he was denied effective assistance of counsel when his trial attorney coerced him into entering guilty pleas to two counts of unauthorized entry of an inhabited dwelling (docket numbers 12-97-48 and 3-98-495). Petitioner's federal claim regarding his convictions for unauthorized entry of an inhabited dwelling were dismissed and the dismissal of that claim was not challenged on appeal. See record document number 44, p. 1.

3

in part.⁶  *State of Louisiana v. Warren Scott*, 2005-2098 (La. App. 1st Cir. 12/2/05).  Petitioner sought review in the Louisiana Supreme Court on August 18, 2006.  The Louisiana Supreme Court denied review on February 2, 2007.  *State of Louisiana ex. rel. Warren Scott, III v. State of Louisiana*, 948 So.2d 191, 2006-1373 (La. 2/2/07).

Petitioner resubmitted his application for supervisory writs on his jury composition claim on June 29, 2006.  The First Circuit Court of Appeal denied review.  *State of Louisiana v. Warren Scott*, 2006-1291 (La. App. 1st Cir. 9/18/06).  Petitioner sought review in the Louisiana Supreme Court on October 18, 2006.  The Louisiana Supreme Court denied review on February 2, 2007.  *State of Louisiana ex. rel. Warren Scott, III v. State of Louisiana*, 2006-2628 (La. 2/2/07), 948 So.2d 1078.

## II. Federal Court Procedural History⁷

Petitioner signed his § 2254 petition on December 31, 2007, and it was filed on January 3, 2008.  On April 9, 2008, this matter

---

⁶ Specifically, the state appellate court ordered the district court to provide the petitioner with a copy of the transcript of the jury voir dire on or before January 27, 2006, and permitted the petitioner to seek review of the denial of the application for post-conviction relief regarding his claim that he was denied the right to a fair jury trial because of the racial composition of the jury.  In all other respects, the writ was denied.

⁷ The Federal Court Procedural History is largely also taken from the May 14, 2012 Magistrate Judge's Report, and is not in dispute.  Record document number 49.

4

was referred to the Office of the Federal Public Defender for appointment of counsel pursuant to the Criminal Justice Act.[8]  On August 8, 2008, the attorney appointed for the petitioner filed a memorandum clarifying the petitioner's claims.[9]

As clarified, the petitioner asserted the following grounds for relief: (1) he was denied effective assistance of counsel during the proceedings in which he pled guilty to one count aggravated burglary (docket number 7-99-977); (2) he was denied effective assistance of counsel during his sexual battery trial (docket number 6-00-296) because his trial attorney failed to object to the composition of the jury selected through discriminatory exercise of peremptory challenges; and (3) he was denied effective assistance of counsel on appeal regarding his sexual battery conviction.[10]

The United States Fifth Circuit Court of Appeals further identified the issues on remand as follows: (1) petitioner's guilty plea to aggravated burglary was not knowing and voluntary; and, (2) petitioner was denied effective assistance of counsel during his sexual battery trial when his trial attorney failed to raise a

---

[8] Record document number 9.

[9] Record document number 15.

[10] Petitioner also asserted an ineffective assistance of counsel claim related to his convictions on two counts unauthorized entry of an inhabited dwelling.  The claim related to these convictions was dismissed and the dismissal was not challenged on appeal.  See record document number 44, p. 1.

5

*Batson* challenge during jury selection.

On July 23, 2012, the petitioner's claim that his guilty plea to aggravated burglary was not knowing and voluntary was denied.[11]

On November 5, 2012, an evidentiary hearing was held on the petitioner's claim of ineffective assistance of counsel during jury selection at his sexual battery trial.

### III. Applicable Law and Analysis

**A. Docket Number 6-00-296**

In the second ground for relief on remand, the petitioner argued that he was denied effective assistance of counsel during his sexual battery trial when his trial attorney failed to make a *Batson* challenge during jury selection. Specifically, the petitioner, an African-American, claimed that his trial attorney failed to make a *Batson* challenge on the ground that the State had exercised its peremptory challenges on the basis of race.

**B. Standard of Review**

Section 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

[11] Record document number 52.

6

>established Federal law, as determined by the Supreme Court of the United States; or
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

>   (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination.  It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence."  Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law."  When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case.  The first clause of subsection (d)(1)

7

refers to questions of law.  When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court."  *Id.*

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011); *McCamey v. Epps*, 658 F.3d 491, 497 (5th Cir. 2011).  Review under § 2254(d)(1) focuses on what a state court knew and did.  *Cullen v. Pinholster*, 131 S.Ct. at 1399. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review.  If a claim has been adjudicated on the merits by a state court, a federal habeas corpus petitioner must overcome the limitation of § 2254(d)(1) based on the record that was before that state court."  *Id.*, at  1400.  State court decisions are measured against the Supreme Court's precedents as of "the time the state court renders its decisions."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S.Ct. 1166 (2003).  *Pinholster* prohibits a federal court from using evidence that is introduced for the first time at a federal-court evidentiary hearing as the basis for concluding that a state court's adjudication is not entitled to deference under § 2254(d).  *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir.

8

2011).[12]

To determine whether a particular decision is "contrary to" then-established law, a federal court must consider whether the decision "applies a rule that contradicts [such] law" and how the decision "confronts [the] set of facts" that were before the state court. *Williams v. Taylor*, 529 U.S. 362, 405, 406, 120 S.Ct. 1495, 1519 (2000). If the state court decision "identifies the correct governing legal principle" in existence at the time, a federal court must assess whether the decision "unreasonably applies that principle to the facts of the prisoner's case." *Id.*, at 413, 120 S.Ct. at 1523.

Section 2254(d) applies to the petitioner's ineffective assistance of counsel claim because that claim was adjudicated on the merits in state-court proceedings.[13] Section 2254(d) applies even where, as in the petitioner's case, there was a summary denial. *Cullen v. Pinholster*, 131 S.Ct. at 1402. In these circumstances, the petitioner can satisfy the "unreasonable

---

[12] The Fifth Circuit Court of Appeals has held that a federal court may properly hold an evidentiary hearing when it determines, based solely on the state court record, that the state court's determination was contrary to or involved an unreasonable application of clearly established federal law. *Bobby Smith v. Burl Cain*, ____ F.3d ____ (5th Cir. 2013), 2013 WL 512290, No. 10-30665 (February 11, 2013).

[13] See, *State of Louisiana v. Warren Scott*, 2006-1291 (La. App. 1st Cir. 9/18/06); *State of Louisiana ex. rel. Warren Scott, III v. State of Louisiana*, 2006-2628 (La. 2/2/07), 948 So.2d 1078.

9

application" prong of § 2254(d)(1) only by showing that "there was no reasonable basis" for the Louisiana Supreme Court's decision.

**C. Ineffective Assistance of Counsel**

Petitioner did not specifically argue that the state court's determination of the petitioner's ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, namely *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To obtain habeas relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

Although not stated directly in the petitioner's post-hearing memorandum, the petitioner seems to assert that either (1) prejudice is presumed from his trial attorney's failure to make a timely *Batson* challenge when there was prima facie evidence of racial discrimination, or (2) prejudice consists of the petitioner being deprived of the opportunity to demonstrate at the trial that a *Batson* violation occurred. However, the petitioner cited no Supreme Court case supporting either proposition as being sufficient to satisfy the *Strickland* prejudice requirement, nor has this court found any such case.

In *United States v. Chronic*, 466 U.S. 648, 104 S.Ct. 2039

(1984), the United States Supreme Court identified three situations implicating the right to counsel that involved circumstances "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified."  *Id.* at 658-659, 104 S.Ct. 2039.  Those three situations are: (1) when the accused is denied the presence of counsel at a critical stage of the case; (2) when counsel entirely fails to subject the prosecution's case to meaningful adversarial testing; and, (3) when counsel is called upon to render assistance under circumstances where competent counsel very likely could not do so.  The Court elaborated in *Chronic* on the kinds of situations which would support a presumption of prejudice, and spoke again on the subject in *Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843 (2002), but it is not necessary to do so here.  The category of presumed prejudice which would most closely fit with this case would be the second one - but the fit is not nearly close enough.  Clearly, the petitioner's trial attorney did not "entirely" fail to conduct a meaningful voir dire and jury selection.  Therefore, following *Chronic*, prejudice is not presumed.[14]

As stated above, to obtain habeas relief based upon a claim of ineffective assistance of counsel, the petitioner must show both

---

[14] See also *Carrera v. Ayers*, 670 F.3d 938 (9th Cir. 2011)(implicitly rejecting dissent's position that counsel's failure to object to exercise of peremptory strikes is structural error and prejudice is presumed).

deficient performance and prejudice to the defense. To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. That requires a "substantial," not just "conceivable," likelihood of a different result. *Harrington v. Richter*, ___ U.S. ___, ___, 131 S.Ct. 770, 792 (2011).

Review is "doubly deferential," *Knowles v. Mirzayance*, 556 U.S. 111, 112, 129 S.Ct. 1411 (2009), requiring a "highly deferential" look at counsel's performance, *Strickland, supra*, at 689, 104 S.Ct. at 2065, through § 2254(d)'s "deferential lens," *Mirzayance, supra*, at 121, n. 2, 1419 n. 2.

It has been clearly established since *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712 (1986), that claims of racial discrimination in jury selection are analyzed in a three-step

process. *Id*. at 96-98, 106 S.Ct. 1722-24. First, a defendant must make a prima facie showing that the prosecution has exercised peremptory challenges on the basis of race. *Id*. at 93-94, 96-97, 106 S.Ct. 1721, 1723. Second, if a prima facie showing is made, the burden then shifts to the prosecution to articulate a race-neutral reason for the peremptory challenge at issue. *Id*. at 94, 97-98, 106 S.Ct. 1721, 1723-24. Third, the trial court must determine whether the defendant has proved purposeful discrimination. *Id*. at 98, 106 S.Ct. 1724.

To establish a prima facie case, a defendant: (1) must show that he is a member of a cognizable racial group, and that the prosecutor has exercised peremptory challenges to remove members of that group from the venire; (2) is entitled to rely on the fact "that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate'"; and (3) must show that these facts and circumstances raise an inference that the prosecutor exercised peremptory challenges on the basis of race. *Id*. at 96, 106 S.Ct. 1723.

To make out a prima facie case, the petitioner needed to show only that the facts and circumstances of his case gave rise to an inference that the State exercised peremptory challenges on the basis of race. This was a light burden, and the petitioner carried it.

The voir dire transcript showed that two panels of 14 people were selected from the jury venire.[15] The first jury panel consisted of nine white venire members and five African-American venire members.[16] The second jury panel consisted of eight white venire members and five African-American venire members.[17] In addition, Richard Starrett, a male venire member whose race was not identified, was excused for cause without objection.[18]

Of the five venire members struck for cause from the first jury panel, one was white and four were African-American.[19] Of the three venire members struck for cause from the second jury panel, one was white and two were African-American.[20] Of the 19 remaining venire members, 15 were white and four were African-American.

The voir dire record showed that the State used four of the six peremptory challenges exercised to strike 100 percent (four of four) of the remaining African-American venire members from the jury pool.[21] Six white jurors and one white alternate were

---

[15] State Court Record Vol. 2, pp. 344-480.

[16] *Id*. at 344.

[17] *Id*. at 433.

[18] *Id*. at 431-432.

[19] *Id*. at 370-371, 399, 426-427.

[20] *Id*. at 473-474.

[21] *Id*. at 430, 476-479.

empaneled.[22]

The State Court Record showed that the petitioner, an African-American, was charged with the sexual battery of a white victim. The prosecutor exercised four of the State's six peremptory challenges to strike African-American jurors, and the resulting jury had no African-American member.  Under *Batson*, this is "sufficient to permit the trial judge to draw an inference that discrimination has occurred." *Johnson v. California*, 545 U.S. 162, 170, 125 S.Ct. 2410, 2417 (2005).

There is no dispute that the petitioner's trial attorney did not timely object to the prosecutor's use of peremptory challenges to eliminate African-Americans from the jury panel.  Assuming the petitioner's trial attorney was deficient because he failed to timely make a *Batson* challenge during jury selection, the petitioner has not demonstrated - based on the state court record - that he was prejudiced in the *Strickland* sense, i.e. the result of the proceeding would have been different or the proceeding was fundamentally unfair, by his trial attorney's performance.[23]

---

[22] *Id*. at 479.

[23] Although this report concludes that the evidence obtained at the federal court evidentiary hearing cannot be considered, if it could be considered it would not support the petitioner's ineffective assistance of counsel claim. The state court prosecutor testified about her race-neutral reasons for exercising the state's peremptory challenges at the trial. Her testimony satisfied the state's burden under *Batson*. Given the prosecutor's
(continued...)

Consequently, the petitioner failed to show that the state court's denial of his ineffective assistance of counsel claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Nor has the petitioner rebutted the presumption of correctness of the state court's determination by clear and convincing evidence.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's claim that he was denied effective assistance of counsel during his sexual battery trial, when his trial attorney failed to timely make a *Batson* challenge during jury selection, be denied and this action be dismissed.

Baton Rouge, Louisiana, February 14, 2013.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[23](...continued)
testimony, the petitioner failed to prove there was purposeful discrimination in the state's exercise of its peremptory challenges.